UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

NURSES' REGISTRY AND
HOME HEALTH CORPORATION                               CASE NO. 15-51278

DEBTOR IN POSSESSION                                  CHAPTER 11

**DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO INCUR
EMERGENCY DEBTOR IN POSSESSION FINANCING AND APPROVING
SHORTENED NOTICE AND EXPEDITED HEARING ON SAME**

Comes Nurses' Registry and Home Health Corporation, as debtor and debtor in possession (the "Debtor"), by counsel, and pursuant to 11 U.S.C. § 364(b), Fed. R. Bankr. P. 4001(c), 6004(h), and 9014, KYEB LBR 2002-1(b), 4001-2, and 9014-1(c), and all other applicable law, respectfully requests that this Court enter an order: (i) authorizing the Debtor to obtain, in its discretion, emergency post-petition financing (the "DIP Loan") from the Probate Estate of Lennie G. House (the "Probate Estate") in accordance with documentation that is identical to the prior lending documents between the Debtor and the Probate Estate filed herein [*See* Doc 23]; (ii) should this Court order the Centers for Medicare and Medicaid Services ("CMS") to release Medicare payment funds it is presently holding to the Debtor, authorizing the Debtor to immediately repay the DIP Loan dollar-for-dollar from the CMS funds it receives; and (iii) approving an emergency hearing to consider this requested relief at the previously scheduled hearing on July 1, 2015 at 9:00 a.m. (ET) (the "Motion"). In support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1. On the June 26, 2015, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The Debtor is operating its business as debtor and debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2. This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (D), and (M).

3. The Debtor maintains its principal place of business in Fayette County, Kentucky. Accordingly, venue for the Debtor's Chapter 11 case is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4. No trustee or examiner has been appointed in this Chapter 11 case, and no creditors' committee or other official committee has been appointed.

**BACKGROUND**

5. The Debtor is a home health agency licensed by the Commonwealth of Kentucky to provide home health care services to patients in sixteen counties in central Kentucky. The Debtor was founded and incorporated as a Kentucky corporation in 1984. Today, the Debtor provides health care services including skilled nursing, physical therapy, occupational therapy, nursing assistants, speech language pathology, and social work, and it has a total patient census of approximately 1348. The Debtor's revenues are derived from self-pay patients and payments from Medicare, Medicaid, and private pay insurance companies. The Debtor submits approximately 5900 Medicare claims per year on average. The Debtor is believed to be the only home health provider in central Kentucky that remains "local" in that it is owned and operated by Kentuckians caring for Kentuckians.

6. Throughout the Debtor's history, its sole shareholder of the Debtor was always Lennie House, who also served as the Debtor's President and Chief Executive Officer. Mr. House passed away on February 23, 2015. Prior to his death, his wife Vicki House had little to no involvement in the Debtor's day-to-day operations, although she was listed as the Debtor's Treasurer and Secretary. Since February 2015, Mrs. House has been serving as the Debtor's President pursuant to a resolution by the Debtor's Board of Directors.

7. On March 18, 2008, a *qui tam* action pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq.*, was filed in the U.S. District Court for the Eastern District of Kentucky against the Debtor. More than three years later, on July 22, 2011, the United States of America intervened in that action and filed its Complaint in Intervention naming the Debtor and Mr. and Mrs. House as defendants. The action is presently styled *United States of America, ex rel. Alisia Robinson-Hill and David A. Price v. Nurses' Registry and home Health Corp., Lennie G. House, Vicki S. House*, Case No. 5:08-CV-145-KKC (E.D. Ky.) (the "Federal Action"). The Federal Action is set for trial in August 2015.

8. On May 6, 2015, United States Department of Health and Human Services, through its agency, CMS, and its fiscal intermediary, AdvanceMed Corporation ("AdvanceMed") sent the Debtor a Notice of Suspension of Medicare Payments, indicating that CMS was suspending all Medicare payments owed to the Debtor, effective May 4, 2015. The Debtor has since been in extensive negotiation with CMS in an attempt to resolve the matters at issue in the Federal Action and to lift the suspension of Medicare payments to the Debtor. To date, the Debtor has not been able to reach a consensual agreement with CMS, and CMS has not resumed payment of Medicare payments to the Debtor. Accordingly, faced with no other option for regaining the use of its cash flow, the Debtor commenced its Chapter 11 case to recover

3

possession of its continually accruing Medicare payments so that it can continue operating and providing quality care to its patients, while also generating revenues for the benefit of creditors and all other interested parties.

9. More information about the Debtor and its historical background, operations, and finances can be found in the Affidavit of Rashonda L. Kennedy in Support of Chapter 11 Petition and First Day Motions [Doc 13].

### RULE 4001 STATEMENT

10. The Debtor needs funds immediately to cover its July 3, 2015 payroll if the Debtor's pending Expedited Motion for an Order to Pay and Honor Prepetition Wages and Related Items and for Related Relief [Doc 11] is granted. Due to the bank holiday, this payroll must be processed by July 2, 2015.

11. The Debtor understands from the Assistant U.S. Attorney (the "AUSA") representing the United States in this bankruptcy case that CMS will not consent to release of the Debtor's Medicare payment funds that CMS presently holds. In the event that the Court directs CMS to release the held funds in accordance with the pending First-Day Motions, the Debtor's Counsel has advised the AUSA that the funds need to be wired to the Debtor immediately so that they will be actually received on the afternoon of July 1, 2015 in order to meet the Debtor's July 3 payroll obligations.

12. Since the Probate Estate is the estate of the former sole owner of the Debtor, the Probate Estate is an insider of the Debtor. As a back-up plan in the event of a delay in the transfer of released CMS funds to the Debtor, the Probate Estate is willing to loan the Debtor up to an additional $300,000 under documentation identical to existing documents underlying the Estate's prior loans to the Debtor [*See* Doc 23], on the condition that this postpetition DIP Loan

be immediately repaid dollar-for-dollar from CMS funds released to the Debtor. The Probate Estate will only make the DIP Loan on the conditions that: (i) CMS is ordered to release the requested approximately $975,000 of held funds pursuant to the interim cash collateral budget [*See* Doc 7]; and (ii) this short-term "payroll timing" DIP Loan (to assure no disruption in payroll) is immediately repaid by the Debtor from the CMS funds as soon as they are received.

13. Emergency approval of the DIP Loan financing requested herein is necessary so as to avoid immediate and irreparable loss and harm to the Debtor's business and associated harm to its employees, patients, creditors, and other parties in interest. The Debtor is unable to fund financing on more favorable terms.

## RELIEF REQUESTED

**A.   Request for Approval of DIP Loan**

14. Together, Sections 364(b) and 1107(a) of the Bankruptcy Code provide that, after notice and hearing, the court may authorize "the [debtor in possession] to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense." 11 U.S.C. §§ 364(b) and 1107(a).

15. The Debtor requires immediate funding to cover the payment of its July 3, 2015 payroll in the approximate amount of $300,000. To the extent that this Court orders CMS to turnover Medicare payments that it is holding to the Debtor, the Debtor will have sufficient funds to cover the July 3 payroll. However, given that the First-Day hearing in this case is scheduled for July 1, 2015, any delay between a ruling that CMS must release the held funds and the actual transfer of the funds to the Debtor could render the Debtor unable to timely meet its payroll obligations. To guard against that possibility, the proposed DIP Loan will provide sufficient

5

funds to allow the Debtor to pay its full July 3 payroll, which is vital to the successful prosecution of this Chapter 11 case and the Debtor's reorganization of its business.

16. The terms and conditions of the DIP Loan are fair, reasonable, and the product of good-faith, arms-length negotiations between the Debtor and the Probate Estate. CMS continues to collect Medicare payments owed to the Debtor and, so far, has been unwilling to turnover any of those funds to the Debtor. Given the importance of paying employee wages as part of the Debtor's operations, the DIP Loan is necessary for the Debtor to have a reasonable opportunity to succeed in its bankruptcy case. Since the Probate Estate is not being granted an interest in any of the Debtor's assets beyond the CMS funds up to the amount of the $300,000 DIP Loan, the Loan is neither burdensome, nor prejudicial to, nor adversely affects the rights of any of the Debtor's creditors or other parties in interest. Accordingly, the Debtor believes in its business judgment that the terms of the DIP Loan are the best available under the circumstances and that obtaining the DIP Loan is in the best interests of the Debtor, its creditors, and all parties in interest.

17. While the DIP Lender is an insider of the Debtor, the terms of the DIP Loan are reasonable and favorable to the Debtor under the circumstances. The Probate Estate has already provided loans to the Debtor prepetition in the ordinary course of the Debtor's business on the same terms as the proposed postepetition DIP Loan. The Debtor believes that it would be unable to obtain financing on more favorable terms.

**B.     Waiver of Fed. R. Bankr. P. 6004(h) Stay of Order**

18. For the reasons set forth herein, it is imperative that the Debtor obtains the requested relief immediately to avoid irreparable harm. Accordingly, to the extent that this Court finds that Fed. R. Bankr. P. 6004(h) applies to the proposed DIP Loan and/or the repayment

6

thereof as a use of property other than cash collateral, the Debtor respectfully requests that any order granting this Motion provide that the fourteen-day stay of such order imposed by Fed. R. Bankr. P. 6004(h) be waived and the order be effective immediately upon entry.

C.      **Request for Expedited Hearing**

19.     For the reasons set forth herein, the relief requested in the Motion is essential to the Debtor's ability to continue operating and prosecuting this Chapter 11 case. Accordingly, the Debtor believes that the Motion involves matters that require an expedited hearing and respectfully requests that the Court conduct such hearing on Wednesday, July 1, 2015 at 9:00 a.m. (ET). The Court has previously set other First-Day matters in this case for hearing at that same date and time, and the Debtor believes it to be in the best interests of all parties to have this Motion heard on the same date. The Debtor does not believe that the shortening of notice or the shortening of the time to object to this Motion will prejudice any creditor or party in interest.

20.     The Debtor has given notice of the filing of the Motion and the expedited hearing thereon to the parties listed on the proposed Master Service List [Doc 9-1] via first-class U.S. mail, postage prepaid, or electronic mail, as indicated thereon.

21.     The Debtor requests that service of notice on the parties stated above in the form and manner described herein be deemed adequate and appropriate under the circumstances and in full compliance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules of this Court.

WHEREFORE, the Debtor respectfully requests that the Court, after expedited hearing, enter an order: (i) authorizing the Debtor to obtain, in its discretion, the DIP Loan from the Probate Estate in accordance with documentation that is identical to the prior lending documents between the Debtor and the Probate Estate filed herein [*See* Doc 23]; (ii) should this Court order

CMS to release Medicare payment funds it is presently holding to the Debtor, authorizing the Debtor to immediately repay the DIP Loan dollar-for-dollar from the CMS funds it receives; (iii) approving an expedited hearing and shortened notice on this Motion on Wednesday, July 1, 2015 at 9:00 a.m. (ET) before the United States Bankruptcy Court, 100 East Vine Street, Second Floor, Lexington, Kentucky; (iv) finding that service of the Motion and the expedited hearing thereon in the manner and on the parties set forth herein is deemed sufficient and adequate notice under the circumstances and in full compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules of this Court; and (v) granting the Debtor such other and further relief as the Court may deem just and proper.

## NOTICE

Notice is hereby given that the foregoing shall be brought on for hearing before the United States Bankruptcy Court for the Eastern District of Kentucky, 100 East Vine Street, Second Floor, Lexington, Kentucky, on July 1, 2015, at the hour of 9:00 a.m. (ET), or as soon thereafter as counsel may be heard**.**

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ Laura Day DelCotto, Esq.
KY Bar No. 81763
Amelia Martin Adams, Esq.
KY Bar No. 93038
200 North Upper Street
Lexington, KY  40507
Telephone:  (859) 231-5800
Facsimile:   (859) 281-1179
ldelcotto@dlgfirm.com
aadams@dlgfirm.com
COUNSEL FOR DEBTOR AND
DEBTOR IN POSSESSION
(UNDER PENDING APPLICATION)

**CERTIFICATE OF SERVICE**

In addition to the parties who will be served electronically by the Court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing was served on June 30, 2015 via electronic mail on the following parties, which are all parties listed as receiving service via email on the proposed Master Service List [Doc 9-1], plus some additional parties.

**AdvanceMed Corporation**
Attn:  James D. Burke
burkej@admedcorp.com

**Childers Law LLC**
Attn:  Masten Childers, II, Esq.
childerslaw@aol.com

**Commonwealth of Kentucky
Cabinet for Health and Family Services**
c/o Matthew Kleinert, Esq.
MatthewH.Kleinert@ky.gov

**Estate of Lennie G. House**
c/o David Porter, Esq.
Stites & Harbison
dporter@stites.com

**Martin L. Hatfield, Esq.**
lawyerhatfield@gmail.com

**McBrayer, McGinnis, Leslie & Kirkland**
Attn:  David Guarnieri, Esq.
dguarnieri@mmlk.com

**Nurses' Registry and Home
Health Corporation**
Attn:   Rashonda L. Kennedy
Attn:   Vicki House
kennedyr@nursesregistry.com
housev@nursesregistry.com

**Piper & Bowers, P.S.C.**
Attn:  Barbara Bowers, Esq.
bbowers@piperbowers.com

**True Guarnieri Ayer LLP**
Attn:  Guthrie True, Esq.
Attn:  Whitney True Lawson, Esq.
gtrue@truelawky.com
wlawson@truelawky.com

**U.S. Attorney's Office for the
Eastern District of Kentucky**
c/o Paul McCaffrey, Esq.
c/o Christine Corndorf, Esq.
Paul.McCaffrey@usdoj.gov
Christine.Corndorf@usdoj.gov

**U.S. Department of Justice**
c/o Richard S. Nicholson, Esq.
Richard.Nicholson@usdoj.gov

**Wallingford Law PSC**
Attn:  Nick Wallingford, Esq.
Attn:  Brian Ritchie, Esq.
Nick@wallingfordlaw.com
Brian@wallingfordlaw.com

**Wohlander Law Office, PSC**
Attn:  Mark Wohlander, Esq.
mark@wohlanderlaw.com

/s/ Laura Day DelCotto, Esq.
COUNSEL FOR DEBTOR AND
DEBTOR IN POSSESSION
(UNDER PENDING APPLICATION)

Z:\DIP Financing Emer Mot 20150630.doc